ANTHONY PETTELLA *vs.* ALFRED J. CARREIRERO.

SAME *vs.* PETROLEUM TRANSPORTATION COMPANY, INCORPORATED.

APRIL 30, 1947.

PRESENT: Flynn, C. J., Moss, Baker and Condon, JJ.

BAKER, J.  These are actions of trespass on the case for negligence which were heard together in the superior court by a justice thereof sitting without a jury.  He rendered a decision in favor of the defendant in each case and the plaintiff duly prosecuted his bills of exceptions to this court.

The actions were brought by the plaintiff to recover for injuries to his person and for medical expenses, loss of wages, and damage to his automobile, growing out of its alleged collision, while being driven by him, with an oil trailer truck owned by the defendant Petroleum Transportation Co., Inc.,

and operated by the defendant Alfred J. Carreirero, its employee.

The plaintiff contends, in substance, that he was prejudiced and is now entitled to relief because the trial justice was about to pass the cases if the plaintiff would not permit the defendants to use an affidavit executed by the defendant Carreirero, and proceed to trial under those conditions. As a result the plaintiff agreed to the use of the affidavit. In our opinion there is no merit in this contention. We find no exception in the transcript nor in the bills of exceptions relating to this matter and the plaintiff admits that he took none. Consequently we have nothing properly before us on this question.

It appears from the undisputed evidence that the plaintiff, who was employed as an assistant foreman in the Walsh-Kaiser shipyard in Providence, on December 4, 1944 drove to Fall River, Massachusetts, in his automobile, a 1942 Ford coach, to keep an appointment with a friend. In Fall River, about 8 p. m., he met a young woman who worked with him in the shipyard, and who was then on her way to a terminal to go by bus to Newport to visit a girl friend. After some conversation the plaintiff drove her to Newport in his automobile. The girl in question, however, was not at home and, after visiting several places in an attempt to find her, the plaintiff and his companion went to a restaurant and had something to eat. They eventually went back to the girl's home but she had not returned. After waiting there for some time they left Newport soon after midnight to return to Fall River.

The alleged accident happened about 12:30 to 12:45 a. m. on the morning of December 5. The weather was clear, the moon was shining, the road was dry and there was no other traffic. The evidence of what took place at that time is sharply conflicting. The plaintiff testified that he was not familiar with the road between Newport and Fall River; that he crossed the Stone Bridge into Tiverton, Rhode Island, on his way to Fall River; that his lights were on; that he

was "driving along, and there was a turn-off in the road, the road went straight, and turns off. I was going down on my right, wondering which road to take"; that his automobile was struck in the rear by the defendant company's truck; that he was then on the right side of the road and was going about fifteen miles per hour; that the impact occurred as he was approaching this road to turn off; that his automobile stopped past the Stone Bridge Inn and near the intersection of a road that led past the inn; that after the collision the truck pulled over in front of the plaintiff's automobile and stopped about 50 feet away; that he and the defendant Carreirero got out of their respective vehicles, but that they had no conversation because the plaintiff could not understand Carreirero; that there was some damage to the tractor between the cab and the trailer but the witness saw no damage on the front of the tractor. The plaintiff also put in evidence several small pictures showing damage to the rear of an automobile. He testified that these were pictures which he himself took of his car about a week after the accident while it was in his yard and before it was repaired.

The plaintiff's companion testified to substantially the same facts concerning the alleged accident, adding that the plaintiff became confused and slowed down as they approached the intersection beyond the Stone Bridge; that the road, which he referred to as a "turn-off" was the one which led up past the inn and that he had passed the road leading to Sakonnet.

In the defendant Carreirero's affidavit he stated in substance, among other things, that he was forty-three years of age and had driven for twenty years; that he had crossed the Stone Bridge at a speed not greater than thirty miles per hour; that his headlights were lighted; that the roadway in Tiverton beyond the bridge widens into a kind of square, the road to the right leading to Sakonnet, and the Fall River road extending ahead; that as he was leaving the bridge he saw the rear light of an automobile about 250 feet ahead; that this automobile turned to its right as if it were going

to enter the road which led to Sakonnet and then suddenly swung sharply to its left and headed towards Fall River, stopping in the center of the road; that in the meantime he, Carreirero, had been slowing down and he then applied his brakes, stopping at least 75 feet from the standing car, the tank trailer jackknifing to the left.

He further testified that the car ahead remained standing in the road so he pulled to his left, turned and went around a small rotary in the square, passed to the left of the standing car and stopped on the right side of the road about 30 feet ahead of the car; that he walked back to the car which contained the plaintiff and a girl; that the plaintiff said that they were going into the Stone Bridge Inn but found it closed, so he had swung back sharply; that he claimed the truck had struck his car; that the affiant, Carreirero, walked around the automobile but found no damage; that they showed each other their respective driver's licenses; that there was no contact between the vehicles; and that the truck was not damaged. In rebuttal the plaintiff denied certain of the material allegations in the above affidavit. It also appeared in evidence that the defendant Carreirero had an impediment in his speech.

In making his decision the trial justice reviewed the testimony stating that parts of it were not convincing. He made no definite finding that the plaintiff's automobile was struck by the truck, but obviously the decision from its nature was based on that conclusion. He held that the plaintiff had the burden of showing that he had used due care in the circumstances, and he found, as a fact, that the plaintiff had not sustained that burden and had not used the degree of care called for. The trial justice referred to the unsatisfactory condition of the plaintiff's testimony as to how the accident happened, pointed out that the plaintiff was unfamiliar with the road, and that he had taken no precautions whatever to see if there was any vehicle behind him. The trial justice then stated that the evidence as a whole showed that the plaintiff not only slowed down, but took an erratic course

by turning suddenly first to his right and then to his left. See *Riccio* v. *Ginsberg,* 49 R. I. 32; *Douglas* v. *Silvia,* 55 R. I. 260.

The question of whether or not a plaintiff has been guilty of negligence which contributed to the happening of an accident and which was the proximate cause thereof is ordinarily one of fact to be determined by the trier of the facts, here the trial justice. Under our well-settled rule we do not disturb a finding on that issue, based on conflicting evidence, unless in our opinion such finding is clearly wrong. We have examined the evidence in these cases and, in view of its rather unsatisfactory and extremely conflicting nature, we can not say that the decision of the trial justice that the plaintiff was guilty of contributory negligence which barred his recovery was clearly wrong.

The plaintiff, however, argues that he is entitled to recover in these cases under an application of the doctrine of the last clear chance, even though he was guilty of contributory negligence. We have given this point consideration, but find that we are not able to agree with the plaintiff's position. It is inherent in the findings of the trial justice that the sudden and erratic driving of the plaintiff without any warning was, in the circumstances of this case, the sole proximate cause of the accident; and that there was no reasonable opportunity for the defendant, after the intervention of the plaintiff's negligence, to avoid the accident. In that situation the facts do not call for the application of the last clear chance doctrine. From an examination of the evidence we cannot say that the decision of the trial justice in this respect was clearly wrong. See *Coburn* v. *United Electric Rys. Co.,* 128 A. (R. I.) 435; *Zielinski* v. *Riley,* 61 R. I. 14.

The plaintiff's exception in each case is overruled, and each case is remitted to the superior court for the entry of judgment on the decision.

*M. Louis Abedon,* for plaintiff.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan,* for defendants.